UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE A. HAMPTON,

 Plaintiff,

 v.                                                    Case No. 20-C-896

CHRYSTAL MELI, et al.,

 Defendants.

## SCREENING ORDER

Plaintiff Jermaine Hampton, who is currently serving a state prison sentence at Waupun

Correctional Institution (WCI) and representing himself, filed a complaint under 42 U.S.C. § 1983,

alleging that his civil rights were violated. Plaintiff's initial complaint was dismissed for violations

of the Federal Rules of Civil Procedure and he was directed to file an amended complaint that

complied specifically with Rules 18 and 20. Dkt. No. 21. In the prior screening order, Plaintiff's

motion for leave to proceed without prepaying the full filing fee was granted. Therefore, this

matter comes before the court in order to screen his most recent amended complaint. Dkt. No.

31-1. Plaintiff has also filed a motion for a temporary restraining order. Dkt. No. 32.

### SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious,"

that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I

must determine whether the complaint complies with the Federal Rules of Civil Procedure and

states at least plausible claims for which relief may be granted. To state a cognizable claim under

the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that when he entered WCI in 2014, he was already experiencing moderate to severe pain in his extremities. Am. Compl., Dkt. 31-1 ¶ 25. He claims he began submitting health service requests (HSRs) for pain and numbness in his hand no later than January 2016, for knee pain no later than February 2016, for back pain no later than June 2016, and for shoulder pain no later than July 2016. *Id.* ¶¶ 26, 28, 32, 33. Health Services Unit (HSU) staff repeatedly prescribed Tylenol or ibuprofen for pain. *Id.* ¶¶ 27, 29. On or about September 26, 2018, Plaintiff

2

claims he underwent an MRI, which revealed that he had herniated discs in his neck. *Id*. ¶ 39. In August 2020, Plaintiff was "referred for urgent surgery to correct a serious medical condition involving the vertebrate [sic] and spinal cord in his neck," with the neurosurgeon explaining that the discs were the underlying cause for the pain in his neck and extremities. *Id*. ¶¶ 22, 41. At some point prior to this referral, Plaintiff had been diagnosed with adhesive capsulitis, axial spondyloarthritis, neural foraminal stenosis of the cervical spine, paresthesia, vitamin D deficiency, and cervical myelopathy with C3-4–C4-5 stenosis. *Id*. ¶ 21. Plaintiff claims that the pain he experienced resulted in his "inability to perform necessary daily functions, such as showering and cleaning himself, or his cell, eating normally . . . or even writ[ing]." *Id*. ¶ 46. He claims that in June and again in October 2018, Aimee Wilson, WCI's Americans with Disabilities Act (ADA) coordinator, denied his requests for accommodations (*id*. ¶ 51), claiming that the HSU and/or Psychological Services Unit did not document any disability despite his medical records. *Id*. ¶¶ 56–58. Plaintiff claims that in so doing, Defendant Wilson, with "tacit acquiescence from Meli, White and possibly other[s] . . . failed or refused to acknowledge the 'totality' of the cumulative record of [his] complaints and documented diagnoses" that clearly showed he was disabled. *Id*. ¶ 52.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). When evaluating complaints for sufficiency, the court liberally construes factual allegations by *pro se* litigants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The amended complaint includes two federal claims and one state law claim. First, Plaintiff alleges that that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Second, Plaintiff alleges that Defendants denied him his Fourteenth Amendment right to due process. Finally, Plaintiff alleges that Defendants violated his right to humane treatment under Wis. Stat. § 302.08. I will address each claim in turn.

## A. Federal Claims

### 1. Cruel and Unusual Punishment

Plaintiff claims that Defendants failed to properly assess, address, and treat his "excruciating and debilitating" pain, violating his right to be free from cruel and unusual punishment. In the prison context, cruel and unusual punishment can take the form of deliberate indifference to serious medical needs. Specifically, "[d]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, not every claim to inadequate medical care states a claim under the Eighth Amendment. *Id*. at 105. Deliberate indifference that states a claim in the medical context involves an "unnecessary and wanton infliction of pain" or is "repugnant to the conscience of mankind." *Id*. at 105–06 (internal quotations and citations omitted). "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id*. at 106.

Plaintiff describes a long period, from his admission to WCI and onward, where he had pain in his hand, back, knee, and shoulder, and frequently sought care from the HSU for those various aches and pains. After receiving many of Plaintiff's HSRs, HSU staff prescribed painkillers. In September 2018, Plaintiff received an MRI, which resulted in a diagnosis of herniated discs. And in August 2020, Plaintiff was referred for surgery on his neck. Although Plaintiff was clearly experiencing pain and discomfort throughout the period in question, nowhere

4

in the complaint does he allege facts showing deliberate indifference by any of the defendants. He includes several conclusory statements to that effect (Dkt. No. 31-1 ¶¶ 42–48), but the alleged facts belie even those conclusions.

As the Supreme Court explained in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678. Here, Plaintiff has done little more than recite legal conclusions unsupported by his alleged facts. He received painkillers almost every time he contacted the HSU, and he was later given an MRI and referred for surgery for his pain. HSU staff may not have been as responsive as he desired, but it is clear they consistently made efforts to address and alleviate his pain. Even had there been negligent medical treatment, there is nothing in the complaint to indicate an "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S. at 105. As such, Plaintiff fails to show that the HSU staff were deliberately indifferent to his needs and consequently fails to state a claim that his Eighth Amendment rights were violated.

### 2. Due Process and the Americans with Disabilities Act

Plaintiff claims that he is disabled and alleges that WCI medical staff refuse to classify him as such in order to avoid having to accommodate his disability, thus violating his due process rights. But Plaintiff's claims do not implicate the due process clause because he has identified no threat to his interests in life, liberty, or property. "[T]he procedural protections of the Due Process Clause will only be triggered if state action implicates a constitutionally protected interest in life, liberty, or property." *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570–71 (1972)). However, while the failure to provide accommodations does not automatically implicate the due process clause, the refusal to make reasonable accommodation for disability could implicate Title II of the Americans with Disabilities Act (Pub. L. 101-336, 104 Stat. 327 (1990)) itself or the Rehabilitation Act (Pub. L.

5

93–112, 87 Stat. 355 (1973)), and the relief available under both is coextensive. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). Public entities, including prisons, are prohibited from excluding qualified individuals with disabilities "from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132; *see also United States v. Georgia*, 546 U.S. 151 (2006).

Plaintiff alleges that since 2016, he suffered pain in his arm, back, and neck sufficient to impact his ability to perform necessary daily functions. Plaintiff also alleges that he requested ADA accommodations in June and October 2018, and his requests were denied both times. What Plaintiff does not allege is that he identified any specific needs related to any specific disabilities. He repeatedly alleges that HSU staff would not document his disability, but he does not identify what accommodations he was seeking or in what way he has been denied "the benefits of the services, programs, or activities" of the prison. *See* 42 U.S.C. § 12132. The complaint is insufficient to provide notice to potential defendants as to how they may have violated Plaintiff's rights. As noted above, Plaintiff's claims do not implicate the Fourteenth Amendment, and with respect to violations of the ADA or Rehabilitation Act, Plaintiff has failed to state a claim upon which relief can be granted.

**B. State Claims**

Plaintiff alleges violations of the Wisconsin Constitution under his Eighth and Fourteenth Amendment claims, but to the extent that they mirror the cited provisions of the United States Constitution, they have been fully addressed. In addition to those claims, Plaintiff alleges Defendants violated his human rights under Wis. Stat. § 302.08. Wisconsin Statute § 302.08 (2017–18), entitled "Humane treatment and punishment," requires prison officials to "uniformly treat the inmates with kindness." It prohibits "corporal or other painful and unusual punishment" against inmates. Because Plaintiff has failed to state a claim on either of his federal claims, or

6

their state counterparts, I will not review this remaining state claim. Plaintiff is free to litigate this claim through the appropriate state channels if he so chooses.

**C. Temporary Restraining Order**

Plaintiff has also filed a motion for an order to show cause on a temporary restraining order that would prohibit Defendants from participating in physical therapy, showering, and feeding activities. Dkt. No. 32. In order to obtain a temporary restraining order, Plaintiff must show specific facts that "clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff has not produced such facts in his complaint or in his motion. Therefore, the motion will be denied.

CONCLUSION

Having previously granted Plaintiff an opportunity to file an amended complaint curing the defects noted by the court and having now screened his amended complaint and concluded it fails to state a claim, the court hereby orders that this action be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend the complaint (Dkt. No. 31) is **GRANTED**. The Clerk of Court is directed to detach and e-file the amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Dkt. No. 31-1) is dismissed for **failure to state a claim**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (Dkt. No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

7

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of

the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this __23rd__ day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final.  Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury.  *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

---