UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE A. HAMPTON,

        Plaintiff,

        v.                                    Case No. 20-C-896

CHRYSTAL MELI, et al.,

        Defendants.

## ORDER GRANTING MOTION TO ALTER JUDGMENT AND SCREENING AMENDED COMPLAINT

      Plaintiff Jermaine Hampton, who is currently serving a state prison sentence at Waupun Correctional Institution (WCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Plaintiff's initial complaint was dismissed for violations of the Federal Rules of Civil Procedure and he was directed to file an amended complaint. Dkt. No. 21. His amended complaint was screened and dismissed for failure to state a claim. Dkt. No. 40. Plaintiff then filed a motion to alter judgment on the same day that he filed a notice of appeal. The court issued an indicative notice that it would grant Plaintiff's motion. Dkt. No. 49. Upon remand, the court now grants his motion to alter judgment (Dkt. No. 43) and vacates its prior order (Dkt. No. 40).

      Plaintiff's amended complaint alleges that he has been suffering from multiple disabilities, including adhesive capsulitis, axial spondyloarthritis, neural foraminal stenosis of the cervical spine, paresthesia, and vitamin D deficiency. Am. Compl., Dkt. No. 41, ¶ 21. Plaintiff claims he entered the prison in 2014 with moderate to severe pain in his extremities. He submitted health services requests (HSRs) complaining of back and shoulder pain and numbness in his hands as

early as June or July 2016. *Id.* at ¶¶ 25, 30–35. Plaintiff claims he was given only cursory examinations and provided Tylenol or Ibuprofen which did little to help with his pain. Although a 2018 MRI revealed his herniated disc, Plaintiff alleges that it was not until two years later that he finally had surgery. In August 2020, he was referred for urgent surgery to correct a herniated disc in the cervical area of his spine. *Id.* at ¶¶ 22–24. The complaint alleges that the failure to provide effective treatment for years resulted in excruciating and debilitating pain that he was forced to endure. *Id.* at ¶ 45. It further alleges that Plaintiff was disabled within the meaning of the Americans with Disabilities Act (ADA), and that the defendants violated his right to due process by denying his requests for accommodations under the ADA.

Prison officials and staff are obligated to provide medical care "not only to those cases in which the denial of care 'may actually produce physical torture or a lingering death' but also those in which 'denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. *Id.* The subjective element can be inferred from "medical defendants' obdurate refusal to alter [the inmate's] course of treatment despite his repeated reports that the medication was not working and his condition was getting worse," at least where it is alleged that effective treatment was available. *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005).

2

The allegations of the amended complaint are sufficient to establish the existence of a serious medical need. The complaint also alleges that, despite his repeated pleas for treatment, the health care staff at the prison has failed to provide him effective treatment for his serious medical needs for years causing him severe pain and disability. Plaintiff also alleges that prison officials failed to accommodate his severe disability. These allegations state an Eighth Amendment claim for deliberate indifference to serious medical needs. The more difficult question is against whom has Plaintiff stated such a claim.

Plaintiff has named as defendants everyone who appears to have had any involvement in his care. The named defendants include the Health Services Unit (HSU) medical director, manager, assistant manager, and third-shift manager as well as various nurses and the ADA coordinator at WCI. The amended complaint does not allege sufficient facts to state a claim against all of these individuals. Personal liability does not extend so far:

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

A similar division of labor exists within the medical profession. Doctors generally have overall responsibility for the care of the patient, and the diagnosis and treatment of any serious medical conditions. Nurses carry out the orders of the doctor and monitor the patient's condition.

In the prison context, the manager of the Health Services Unit oversees the work of the medical staff. Plaintiff alleges that between January 19, 2016, and present date, each of the defendants either personally examined him or reviewed his medical records, failed to recognize or properly treat the underlying cause of his pain, or recognized it and refused to properly treat it to keep costs to a minimum. Am. Compl. ¶ 42. Aside from this conclusory allegation, however, he fails to state what any of the nurses did or did not do that reflects deliberate indifference. There is no allegation that the nurses failed to properly monitor his condition and truthfully report their finding to the HSU manager and doctors who oversaw his care and treatment. Given the division of labor that exists within the prison and the medical profession, and the absence of any allegations that the nurses who saw Plaintiff failed to properly convey his symptoms to the supervisory staff and physicians, Plaintiff has failed to allege a plausible claim of deliberate indifference as to the nurses he has named. Nor has Plaintiff alleged facts that would support such a claim against the assistant HSU manager or the third-shift HSU manager. Liberally construing his complaint, Plaintiff's claim of deliberate indifference will be allowed to proceed against Dr. Syed, the medical director of the HSU, and Dr. Cheryl Jean-Pierre, who is alleged to have been directly responsible for providing care to Plaintiff. The claim will also proceed for now against Crystal Meli, the HSU manager, given the ongoing and continuing nature of the claim.

Plaintiff's effort to state a due process/ADA claim fails. The ADA prohibits a public entity from discriminating against a "qualified person with a disability" on account of that individual's disability in providing the benefits of the services, programs, or activities of the entity. The ADA also requires reasonable accommodations that enable a disabled person to participate in a prison's programs. *Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). To state a claim under the ADA or the Rehabilitation Act, which are coextensive, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to

4

a program or activity because of his disability. Plaintiff has failed to allege any program or activity to which he was denied access. Nor has he alleged what accommodation he denied that would have allowed him to benefit from such access. Plaintiff's due process/ADA claim will therefore be dismissed.

In sum, Plaintiff may proceed on his Eighth Amendment deliberate indifference claim against HSU Manager Meli, Dr. Syed, and Dr. Jean-Pierre. All other claims against all other defendants are dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to alter judgment in this case (Dkt. No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that the court's order dismissing the case (Dkt. No. 40) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Nancy White, Robert Martin, Mary A. Moore, Donna Larson, Mark Jenson, Aimee Wilson and Ann York are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

5

Case 2:20-cv-00896-WCG   Filed 12/15/20   Page 5 of 6   Document 60

scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 15th day of December, 2020.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge